IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANIEL A. CHAPPELL                                                                          PLAINTIFF

v.                                              CASE No.  07-5219

SHERIFF TIMOTHY HELDER;
WASHINGTON COUNTY, ARKANSAS                                                  DEFENDANTS

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Daniel A. Chappell (Plaintiff) filed this *pro se* civil rights action under 42 U.S.C. § 1983 on December 3, 2007. (Doc. 1) Defendants filed a Court-ordered Motion for Summary Judgment (Doc. 15), which is now pending before the Court. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Chief Judge Jimm Larry Hendren for the purpose of issuing a report and recommendation on Defendants' Motion for Summary Judgment. Accordingly, the Court issues this Report and Recommendation.[1]

**I. Background**

Plaintiff's claims stem from the time he was incarcerated in the Washington County Detention Center and he is suing Defendants in their official capacities only. (Doc. 25, ¶ 1). Plaintiff alleges the policies of Washington County caused him to be denied religious freedom, his grievances to remain unanswered, and denied him access to the courts. (*Id.*). Specifically, Plaintiff alleges he was confined to the day room when religious presentations were made, and he was unable

---

[1] The Court notes Plaintiff's response to the Defendants' Motion for Summary Judgment was due on or before February 16, 2009. Plaintiff's response was not received until February 17, 2009. However, Plaintiff explained in his response (Doc. 25) that he was delayed in receiving his response and inquired about an extension of time. Accordingly, Plaintiff's response is accepted as filed.

to leave this area. (Doc. 25, ¶ 2). Additionally, Plaintiff states it was the policy at the morning lockout for no reading materials to be allowed to remain with inmates, except for the Holy Bible. (Doc. 25, ¶ 1).

As to his claim his grievances were unanswered, Plaintiff states he turned in at least 50 while incarcerated at Washington County, but he did not keep track of all of them. (Doc. 25, ¶ 11). Regarding his claim of denial of access to the Courts, Plaintiff complains he was not allowed access to legal materials for this case. (Doc. 25, ¶ 8). Plaintiff states he turned in requests and grievances to use the law library but was denied the opportunity. (*Id.*)

**II. Discussion**

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

    **A. Official Capacity Claims**

Plaintiff's official capacity claims are tantamount to suing Washington County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on *respondeat superior*, *id.* at 691, "[a]

supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91. The Eighth Circuit has upheld the grant of summary judgment because a plaintiff failed to plead that the defendant "had a policy or custom of false arrests or malicious prosecution." *Sanders v. Sears, Roebuck & Co.*, 984 F.3d 972, 976 (8th Cir. 1993).

### 1. Religious Freedom/First Amendment

Plaintiff first challenges the Washington County Detention Center's policy of bringing religious presentations into the day room. Plaintiff alleges the inmates were locked in the day room, and were unable to return to their cells to avoid the religious presentations or services. Although other activities were allowed, such as reading a book, playing cards, or dominoes, Plaintiff indicates there was no way to leave or absent oneself from the religious service or presentation. Defendants state inmates could return to their cells during the presentations and did not have to participate.

This case is similar to *Campbell v. Cauthron*, 623 F.2d 503 (8th Cir. 1980). In *Campbell*, the plaintiffs challenged, on First Amendment grounds, the jail policy of allowing lay witnesses into the cell blocks on the weekends to sing and witness to the inmates. The Eighth Circuit stated that why there was no support for an impermissible establishment of religion claim on the grounds the volunteers were allowed into the cell block, "[f]orced inculcation . . . would clearly contravene the Free Exercise Clause of the Constitution." *Id.* at 509. Moreover, the facts before the *Campbell* court "indicated that the witnessing is often allowed to take place in such a manner as to make it nearly

impossible for the inmates to "escape" the preaching. *Id.* As such, "the jail officials must take steps, subject to the approval of the district court, to ensure that no inmate is subjected to forced religious indoctrination." *Id.*

In the case at bar, there are clearly issues of fact regarding the facility's policy and an inmates ability to "escape" the religious presentations and services held at the Washington County Detention Center. It is my recommendation that Defendants' Motion for Summary Judgment be denied.

Additionally, Plaintiff also claims that everyday from August 2007 until January 2009 from 5:00 a.m. to 7:00 or 7:30 a.m. he was not allowed any reading material except for the Holy Bible. Plaintiff states he requested *Dianetics* and *The Nag Hamid*, among other titles. The Defendants agree it is the policy of the Washington County Detention Center that no reading material is allowed in the segregation cell, except for a Holy Bible. (Doc. 16; ¶ 29, 30). Defendants state Plaintiff was placed in segregation, and was not allowed any reading material, except for a Holy Bible, which Plaintiff declined. While limits on the number of books a prisoner could keep in segregation may be permissible, a limit that only one book, of one particular faith, involves significant considerations of Constitutional magnitude. While there is no issue of fact regarding the policy in force at Washington County, there may be issues of fact regarding this policy's relation to the interests of the jail, and other factors. It is my recommendation that Defendants' Motion for Summary Judgment be denied.

### 2. Access to the Courts.

Plaintiff claims he was denied access to the Courts when he was not allowed to the law library. Defendants state Plaintiff had access to his public defender and was not denied access. "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state

has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (citations omitted). "To prove actual injury, [a prisoner] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis v. Casey,* 518 U.S. 343, 353 (1996)).

While Plaintiff did have a public defender appointed during the time in question, Plaintiff did not have counsel for the case at bar, which is the case Plaintiff was seeking to research. In his response to the Motion for Summary Judgment, Plaintiff indicates he does not know if he missed motions or deadlines or how he was injured. However, he does indicate he told Defendants he needed to use the library for this case, not his state criminal case. It appears a factual question exists to whether Plaintiff was allowed access to the courts for this claim, and if he suffered any injury. Thus, it is my recommendation that Defendants' Motion for Summary Judgment be denied on the issue of access to the law library.

### 3. Unanswered Grievances

Finally, Plaintiff alleges he turned in at least fifty grievances during his time at Washington County Detention Center and not all of those grievances were answered.

No constitutional right is violated by the defendants' failure, if any, to process all of the grievances an inmate submits for consideration. *Cf. Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure) (citing with approval *Azeez v. DeRobertis,* 568 F.Supp. 8 (N.D. Ill. 1982)). "[A prison] grievance procedure is a procedural right only, it does not

confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Azeez,* 568 F. Supp. at 10. Thus, defendants' failure to process any of Plaintiff's grievances, without more, is not actionable under section 1983. *See also, Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). It is my recommendation Defendants' Motion for Summary Judgment be granted on this issue.

### III. Conclusion

For the reasons stated above, it is my recommendation that Defendant's Motion for Summary Judgment (Doc. 15) be **GRANTED** in part and **DENIED** in part. I recommend Defendants' Motion for Summary Judgment be GRANTED as to the claims of unanswered grievances. I recommend Defendants' Motion for Summary Judgment be DENIED as to the following claims: denial of religious freedom/first amendment claims, and denial of access to the Courts.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **25th day of February 2009.**

/s/ J. Marschewski
HON. JAMES MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE